**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MERCHANTWAREHOUSE.COM LLC, <br> Plaintiff, <br><br> v. <br><br> MOZIDO, LLC, <br> Defendant. | CIVIL ACTION NO: 13-CV-10187 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

This is an action for a declaratory judgment of invalidity, non-infringement and unenforceability. MerchantWarehouse.com LLC ("MerchantWarehouse") seeks a declaration that certain trademark rights asserted by Mozido, LLC ("Mozido") are invalid and unenforceable against MerchantWarehouse. MerchantWarehouse seeks this Court's intervention because Mozido continues to threaten suit unless MerchantWarehouse abandons certain trademark applications (described more fully below) and ceases using certain marks.

### PARTIES

1. Plaintiff MerchantWarehouse is a Delaware business entity, with an address of One Federal Street, Boston, MA 02110.

2. Upon information and belief, Defendant Mozido is a Delaware business entity, with an address of 1950 Stemmons Freeway, Suite 6040, Dallas, TX 75207.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. §§ 1116, 1121, as this action arises under the United States trademark laws.

4. Venue is proper in this District under 28 U.S.C. §§ 1391 (b) and (c) because the acts complained of occurred and are occurring in the United States and in this District, and have caused damage to MerchantWarehouse in the United States and in this District.

5. An actual case or controversy has arisen between the parties. Mozido has sent multiple letters to MerchantWarehouse requesting that MerchantWarehouse cease all use of its trademark GENIUS and abandon its trademark applications for same; threatened litigation against MerchantWarehouse; and asserted that MerchantWarehouse's provision of goods and services under its GENIUS mark constitutes trademark infringement. These statement threaten injury to MerchantWarehouse.

## STATEMENT OF FACTS

### I.   MerchantWarehouse's GENIUS Trademark

6. MerchantWarehouse is a Massachusetts-based company that was founded in 1998 as a provider of accessible and lower-cost electronic payment solutions to point-of-sale merchants, *i.e.,* merchants that would like to accept credit card and debit card payments from customers.

7. MerchantWarehouse provides merchants with the necessary equipment to accept electronic payments, such as credit card readers, PIN pads, check readers and printers. It also provides its merchant customers with a custom designed suite of software and mobile applications for managing and tracking electronic payments.

8. MerchantWarehouse's combination of reasonable cost, outstanding service, and flexibility garnered it widespread industry recognition. For 15 years MerchantWarehouse has been an industry leader and many of its innovations have become *de facto* standards in the industry.

9. MerchantWarehouse now processes over $8 billion a year in sales and more than 12 million transactions per month in the United States.

10. Through its efforts over the years, MerchantWarehouse has established a strong and loyal customer base and is a well-known provider of premium goods and services in connection with payment and transaction processing for merchants.

11. In response to evolving forms of payment (*e.g.,* Paypal®, QR and bar codes, and near-field technologies), MerchantWarehouse has developed a new payment processing platform for merchants. The platform is comprised of an electronic terminal and custom-designed software. MerchantWarehouse's platform is expandable and customizable so that merchants can accept each and every new payment technology as it arises.

12. In May 2012, MerchantWarehouse adopted the GENIUS name for its new merchant transaction system. The GENIUS name reflects the system's ability to combine numerous transaction technologies, present and future, into a single processing device. MerchantWarehouse branded the device the CUSTOMER ENGAGEMENT PLATFORM.

13. MerchantWarehouse's GENIUS system and CUSTOMER ENGAGEMENT PLATFORM device is directed and marketed to business owners seeking to conduct sales beyond cash and check transactions.

14.     In May 2012, MerchantWarehouse filed the following trademark applications for GENIUS with the United States Patent and Trademark Office ("USPTO") (collectively referred to as the "MerchantWarehouse GENIUS Marks"):

| Mark and App. Serial No.: | Filing Date: | Listing of Goods and Services: |
|---|---|---|
| GENIUS<br><br>U.S. App. Ser. No. 85/634,089 | May 24, 2012 | "Computer software for facilitating, processing, and managing financial transactions, namely, providing and processing multiple types of commercial payment and debt transactions via a global computer network or cellular telephone data network; electronic payment terminals for conducting financial transactions" in Class 9.<br><br>"Financial transaction services, namely, providing and processing multiple types of commercial payment and debt transactions; clearing and reconciling financial transactions via global computer and communications networks; electronic payment processing services" in Class 36. |
| G≡NIUS<br><br>U.S. App. Ser. No. 85/640,078 | May 31, 2012 | "Computer software for facilitating, processing, and managing financial transactions, namely, providing and processing multiple types of commercial payment and debt transactions via a global computer network or cellular telephone data network; electronic payment terminals for conducting financial transactions" in Class 9.<br><br>"Financial transaction services, namely, providing and processing multiple types of commercial payment and debt transactions; clearing and reconciling financial transactions via global computer and communications networks; electronic payment processing services" in Class 36. |

15.     In May 2012, MerchantWarehouse filed the following trademark applications for CUSTOMER ENGAGEMENT PLATFORM and CONSUMER ENGAGEMENT PLATFORM with the United States Patent and Trademark Office ("USPTO") (collectively referred to as the "MerchantWarehouse ENGAGEMENT Marks").

| CONSUMER ENGAGEMENT PLATFORM<br><br>U.S. App. Ser. No. 85/634,091 | May 24, 2012 | "Computer software for facilitating, processing, and managing financial transactions, namely, providing and processing multiple types of commercial payment and debt transactions via a global computer network or cellular telephone data network; electronic payment terminals for conducting financial transactions" in Class 9.<br><br>"Financial transaction services, namely, providing and processing multiple types of commercial payment and debt transactions; clearing and reconciling financial transactions via global computer and communications networks; electronic payment processing services" in Class 36. |
|---|---|---|
| CUSTOMER ENGAGEMENT PLATFORM<br><br>U.S. App. Ser. No. 85/634,090 | May 24, 2012 | "Computer software for facilitating, processing, and managing financial transactions, namely, providing and processing multiple types of commercial payment and debt transactions via a global computer network or cellular telephone data network; electronic payment terminals for conducting financial transactions" in Class 9.<br><br>"Financial transaction services, namely, providing and processing multiple types of commercial payment and debt transactions; clearing and reconciling financial transactions via global computer and communications networks; electronic payment processing services" in Class 36. |

16. Beginning in June 2012, MerchantWarehouse introduced, marketed and deployed its GENIUS and CUSTOMER ENGAGEMENT PLATFORM systems to its merchant customers and vendors in the payment processing industry, which generated much interest and excitement in the industry.

17. The GENIUS trademark is an important asset of MerchantWarehouse and represents the developing goodwill relating to its products and services.

**II.    Mozido's White-Label Services and Alleged Trademark Rights**

18. Mozido is the present name of a nebulous corporate persona, which has adopted a number of names and brands for the same essential services.

19. Beginning on or about April 7, 2008, Mobile Financial Services, LLC was formed in Delaware.

20. Shortly thereafter, on or about May 8, 2008 Mobile Financial Services, LLC changed its name to Affinity Global Services, LLC ("Affinity").

21. Affinity was as a mobile financial services company, offering international money transfers via a mobile phone, targeting populations without bank accounts; this platform was branded MADE.

22. Affinity's MADE program was described as a "mobile wallet" that "allows people a virtual bank account to make payments, check balances, buy airtime and send money all from a mobile phone."

23. In August 2009, Affinity announced an agreement with MoneyGram International to employ its MADE mobile gateway through MoneyGram International locations, resulting in a partnering with mobile network operators in Latin America, Africa and Asia for money transfers.

24. Shortly after the agreement with MoneyGram International was announced, Affinity changed its name again to Mozido, LLC on or about October 26, 2009.

25. Mozido's website describes it as a "leading global provider of low-cost, white-labeled, multichannel financial services…".

26. A "white-labeled" product is a product or service produced by one company (the producer) that other companies (the marketers) rebrand to make it appear as if they made it.

27. In a February 9, 2012 article and interview with Mozido's Chairman appearing on Paymentssource.com, Mozido is described by the author as a "company designed to be anonymous."

28. Despite its stated intent to remain anonymous, within the past two (2) years, Mozido has sought to trademark and warehouse numerous brand names for its mobile telephone-based financial services (*e.g.,* mobile banking, mobile money transfers, mobile purchasing, and mobile bill payment), such as:

|     | Mark: | App. Serial No.: | Filing Date: | Status: |
| --- | --- | --- | --- | --- |
| 1.  | CLOUD PAYMENTS | U.S. App. Ser. No. 85/331,266 | May 26, 2011 | Intent-to-Use Application – still pending |
| 2.  | VIRTUAL PAYMENTS | U.S. App. Ser. No. 85/331,257 | May 26, 2011 | Intent-to-Use Application – **abandoned** |
| 3.  | VWALLET | U.S. App. Ser. No. 85/334,188 | May 31, 2011 | Intent-to-Use Application – **abandoned** |
| 4.  | CWALLET | U.S. App. Ser. No. 85/334,185 | May 31, 2011 | Registered |
| 5.  | VIRTUAL WALLET | U.S. App. Ser. No. 85/334,180 | May 31, 2011 | Intent-to-Use Application – **abandoned** |
| 6.  | CLOUD WALLET | U.S. App. Ser. No. 85/334,177 | May 31, 2011 | Intent-to-Use Application – **abandoned** |
| 7.  | GLOBAL WALLET | U.S. App. Ser. No. 85/334,188 | June 14, 2011 | Intent-to-Use Application – **abandoned** |
| 8.  | SKY WALLET | U.S. App. Ser. No. 85/346,231 | June 14, 2011 | Registered |
| 9.  | CLOUD REMIT | U.S. App. Ser. No. 85/378,792 | July 22, 2011 | Intent-to-Use Application – **abandoned** |
| 10. | CLOUD REMITTANCE | U.S. App. Ser. No. 85/378,777 | July 22, 2011 | Intent-to-Use Application – **abandoned** |
| 11. | CLOUD PAY | U.S. App. Ser. No. 85/378,768 | July 22, 2011 | Intent-to-Use Application – **abandoned** |
| 12. | CLOUD BILLPAY | U.S. App. Ser. No. 85/378,725 | July 22, 2011 | Intent-to-Use Application – **abandoned** |
| 13. | VWALLET | U.S. App. Ser. No. 85/334,188 | May 31, 2011 | Intent-to-Use Application – **abandoned** |
| 14. | B2BMVAULT | U.S. App. Ser. No. 85/536,483 | February 7, 2012 | Intent-to-Use Application – pending |
| 15. | MVAULT | U.S. App. Ser. No. 85/536,480 | February 7, 2012 | Intent-to-Use Application – pending |
| 16. | MOBILEVAULT | U.S. App. Ser. No. 85/536,474 | February 7, 2012 | Intent-to-Use Application – pending |

29.     The present dispute concerns Mozido's alleged rights in the following six "intent-to-use" trademark applications incorporating variations of the marks GENIUS WALLET and GENIUS CARD (collectively referred to as the "GENIUS WALLET Marks"):

| Mark and App. Serial No.: | Filing Date: | Listing of Goods and Services: |
|---|---|---|
| GENIUS WALLET<br><br>U.S. Reg. No. 4,235,230 | Nov. 18, 2011 | "Financial services provided by mobile telephone connections, interactive voice response over telephone connections, retail point-of-sale connections and the internet, namely, mobile banking, mobile money transfers, mobile purchasing, namely, providing electronic processing of credit/debit card transactions and electronic payments via mobile phone for allowing consumers to purchase goods and services of others, mobile multichannel payments, namely, bill payment services and loan payment services" in Class 36. |
| GENIUS MOBILE WALLET<br><br>U.S. App. Ser. No. 85/476,147 | Nov. 18, 2011 | "Financial services provided by mobile telephone connections, interactive voice response over telephone connections, retail point-of-sale connections and the internet, namely, mobile banking, mobile money transfers, mobile purchasing, namely, providing electronic processing of credit/debit card transactions and electronic payments via mobile phone for allowing consumers to purchase goods and services of others, mobile multichannel payments, namely, bill payment services and loan payment services" in Class 36. |
| GENIUS CARD<br><br>U.S. App. Ser. No. 85/476,134 | Nov. 18, 2011 | "Financial services, namely, prepaid debit card services" in Class 36. |
| GENIO CARTERA<br><br>U.S. App. Ser. No. 85/477,682<br><br>*Translates to GENIUS WALLET* | Nov. 21, 2011 | "Financial services provided by mobile telephone connections, interactive voice response over telephone connections, retail point-of-sale connections and the internet, namely, mobile banking, mobile money transfers, mobile purchasing, namely, providing electronic processing of credit/debit card transactions and electronic payments via mobile phone for allowing consumers to purchase goods and services of others, mobile multichannel payments, namely, bill payment services and loan payment services" in Class 36. |
| GENIO MONEDERO<br>U.S. App. Ser. No. 85/477,670<br><br>*Translates to GENIUS WALLET* | Nov. 21, 2011 | "Financial services provided by mobile telephone connections, interactive voice response over telephone connections, retail point-of-sale connections and the internet, namely, mobile banking, mobile money transfers, mobile purchasing, namely, providing electronic processing of credit/debit card transactions and electronic payments via mobile phone for allowing consumers to purchase goods and services of others, mobile multichannel payments, namely, bill payment services and loan payment services" in Class 36. |
| GENIO TARJETA<br><br>U.S. App. Ser. No. 85/477,661 | Nov. 21, 2011 | "Financial services, namely, prepaid debit card services" in Class 36. |

| *Translates to GENIUS CARD* | | |
|---|---|---|

30. All six (6) of the applications for the GENIUS WALLET Marks were filed in the name of XJM Financial, LLC, a Delaware Corporation, with an address listed as 450 North Roxbury Drive, Suite 602, Beverly Hills, California 90210 ("XJM").

31. All six (6) of the applications for the GENIUS WALLET Marks were executed by the attorney John C. Stringham of Workman Nydegger on behalf of XJM.

32. On information and belief, XJM is an independent, active entity, unaffiliated with Mozido, in that neither company owns any interest in the other.

33. All six (6) of the applications for the GENIUS WALLET Marks contain a declaration that the applicant, XJM, has a bona fide intent to use the applied for mark.

34. On information and belief, XJM is not in the business of providing financial transaction services via mobile phones or mobile phone networks.

35. On information and belief, XJM had no bona fide intent to use the GENIUS WALLET Marks for providing financial transaction services via mobile phones or mobile phone networks.

36. On information and belief, the GENIUS WALLET Marks were filed in the name of the wrong entity, rendering the applications and any registrations issuing therefrom *void ab initio*.

37. On or about February 7, 2012, Mozido issued a press release touting the launch of its "Genius Wallet, a global mobile wallet platform for the unbanked and banked" which includes a "direct-to-consumer" interface and reiterated its agreement with MoneyGram

International, now using the mark GENIUS WALLET in place of its prior mark, MADE, for its mobile wallet platform for mobile phones.

38. No where in its press release or on its website does Mozido indicate use of GENIUS WALLET under license from XJM.

39. In an assignment executed on June 2, 2012 (and notarized two months later on August 2, 2012), XJM purports to transfer its rights in all six of the pending intent-to-use GENIUS WALLET Marks to Mozido. This document was filed with the USPTO on or about August 9, 2012.

40. To constitute a valid assignment of an intent-to-use application, there must be a transfer of an existing on-going business along with the rights in the marks. The purpose of this rule is to avoid trafficking in trademark rights.

41. On information and belief, there was no existing or ongoing business of XJM to be transferred to Mozido along with the GENIUS WALLET Marks.

42. The assignment of an intent-to-use application to a party that is not the successor to the applicant's business renders the application and any registration that issues therefrom void.

43. The XJM applications and purported transfer failed to transfer any valid rights to Mozido.

**III.   The Present Dispute**

44. Given that the November 2011 applications were filed in the name of the wrong entity and the transfer from XJM was improper, Mozido may only establish valid trademark rights in or to the GENIUS WALLET Marks from valid use of the Marks in the United States.

45. On information and belief, Mozido has failed to make any bona fide use of the GENIUS WALLET Marks in interstate commerce.

46. On or about August 10, 2012, as MerchantWarehouse continued developing and marketing its GENIUS and CONSUMER ENGAGEMENT PLATFORM systems, it received a letter from counsel to Mozido, alleging that MerchantWarehouse's use of the GENIUS name infringes upon Mozido's prior existing rights.

47. The letter regarding Mozido's purported trademark rights was issued only one (1) day after Mozido's recording of the purported assignment of the GENIUS WALLET Marks from XJM.

48. On or about August 30, 2012, after the purported transfer of rights from XJM, and after issuance of its first demand letter to MerchantWarehouse, Mozido filed a Statement of Use in connection with the application for GENIUS WALLET, App. No. 85/476,142, claiming a Date of First Use by Mozido of March 2012, and filing a copy of its website announcing the GENIUS WALLET Mark.

49. On information and belief, Mozido was not using the mark GENIUS WALLET in interstate commerce as of March 2012.

50. As a result of Mozido's filing a Statement of Use, on or about October 30, 2012, the GENIUS WALLET App. No. 85/476,142, was registered by the USPTO, Reg. No. 4,235,230 by the USPTO to Mozido.

51. Mozido has since retracted its claimed date of first use, by filing a request with the USPTO on December 19, 2012 to amend its claimed date of first use of GENIUS WALLET, Reg. No. 4,235,230, to December 6, 2012 – over five (5) weeks after the GENIUS WALLET Reg. No. 4,235,230 issued.

52. For United States entities, a United States trademark registration may only issue upon the filing of a Declaration attesting to use of the mark in the application in interstate commerce in connection with all goods and services listed in the application.

53. Mozido had no use in commerce at the time of registration of GENIUS WALLET, Reg. No. 4,235,230.

54. Notwithstanding Mozido's revised claim of use of GENIUS WALLET in interstate commerce on December 6, 2012, on information and belief, there is still no bona fide use of the GENIUS WALLET Mark in United States commerce by Mozido or any of its licensees.

55. Without any verifiable use of the GENIUS WALLET Marks in interstate commerce in the United States, Mozido has no valid or enforceable rights against MerchantWarehouse.

56. Concurrently with the sending its August 10, 2012 demand letter, Mozido filed the following "intent-to-use" trademark applications appropriating variations of MerchantWarehouse's ENGAGEMENT Marks:

| Mark and App. Serial No.: | Filing Date: | Listing of Goods and Services: |
|---|---|---|
| GENIUS CARD CONSUMER ENGAGEMENT<br><br>U.S. App. Ser. No. 85/700,816 | August 10, 2012 | "Providing financial services, namely, mobile purchasing, mobile payment processing, accessed from any network provider, mobile device, internet and point-of-sale devices, for mobile network operators, consumer packaged goods companies and retailers" in Class 36. |
| GENIUS WALLET CONSUMER ENGAGEMENT<br><br>U.S. App. Ser. No. 85/700,827 | August 10, 2012 | "Providing financial services, namely, mobile purchasing, mobile payment processing, accessed from any network provider, mobile device, internet and point-of-sale devices, for mobile network operators, consumer packaged goods companies and retailers" in Class 36. |
| RETAILER CONSUMER ENGAGEMENT | August 10, 2012 | "Providing financial services, namely, mobile purchasing, mobile payment processing, accessed from any network provider, mobile device, internet and point-of-sale devices, for mobile network operators, consumer packaged goods companies and retailers" in Class |

| | | |
|---|---|---|
| U.S. App. Ser. No. 85/700,837 | | 36. |
| RETAILER CUSTOMER ENGAGEMENT<br><br>U.S. App. Ser. No. 85/700,847 | August 10, 2012 | "Providing financial services, namely, mobile purchasing, mobile payment processing, accessed from any network provider, mobile device, internet and point-of-sale devices, for mobile network operators, consumer packaged goods companies and retailers" in Class 36. |
| RETAIL CONSUMER ENGAGEMENT<br><br>U.S. App. Ser. No. 85/700,858 | August 10, 2012 | "Providing financial services, namely, mobile purchasing, mobile payment processing, accessed from any network provider, mobile device, internet and point-of-sale devices, for mobile network operators, consumer packaged goods companies and retailers" in Class 36. |
| RETAIL CUSTOMER ENGAGEMENT<br><br>U.S. App. Ser. No. 85/700,872 | August 10, 2012 | "Providing financial services, namely, mobile purchasing, mobile payment processing, accessed from any network provider, mobile device, internet and point-of-sale devices, for mobile network operators, consumer packaged goods companies and retailers" in Class 36. |
| GENIUS CARD CONSUMER ENGAGEMENT<br><br>U.S. App. Ser. No. 85//700,816 | August 10, 2012 | "Providing financial services, namely, mobile purchasing, mobile payment processing, accessed from any network provider, mobile device, internet and point-of-sale devices, for mobile network operators, consumer packaged goods companies and retailers" in Class 36. |

57. The foregoing applications contain sworn declarations that the Applicant, Mozido, is entitled to use the mark, that the use of the mark will not cause confusion or deceit, and that Mozido has a bona fide intent to use the applied for mark. The sworn declaration also acknowledges that willful false statements may jeopardize the application. Mozido's attorney, John C. Stringham of Workman Nydegger, executed the declarations attesting to the truth of the statements in each declaration.

58. On information and belief, Mozido never intended to use any of these CONSUMER ENGAGEMENT derivatives and filed the same in bad faith, abusing the trademark process, in an attempt to dilute MerchantWarehouse's brand and/or to secure leverage in its claim against MerchantWarehouse.

59. On or about September 11, 2012, MerchantWarehouse, through its counsel, responded to Mozido and disagreed with Mozido's legal position.

60. After receipt of MerchantWarehouse's response, Mozido filed an "intent-to-use" trademark application for the mark GENIUS alone directly conflicting with MerchantWarehouse's prior rights and applications:

| Mark and App. Serial No.: | Filing Date: | Listing of Goods and Services: |
|---|---|---|
| GENIUS<br><br>U.S. App. Ser. No. 85/741,803 | September 28, 2012 | "Computer application software for the use in payment processing, providing promotional and marketing information and offers and incentive and reward programs" in Class 9.<br><br>"Financial services provided by mobile telephone connections, interactive voice response over telephone connections, retail point-of-sale connections and the internet, namely, mobile banking, mobile money transfers, mobile purchasing, namely, providing electronic processing of credit and/or debit card transactions and electronic payments via mobile phone for allowing consumers to purchase goods and services of others, mobile multichannel payments, namely, bill payment services and loan payment services; prepaid debit card services; providing financial services, namely, mobile purchasing, mobile payment processing, accessed from any network provider, mobile device, internet and point-of-sale devices, for mobile network operators, consumer packaged goods companies and retailers" in Class 36. |

61. Mozido's inequitable conduct and unclean hands in abusing the trademark process, lacking true bona fide intent to use, warehousing trademarks and attempting to correct improper trademark prosecution through invalid "assignments" constitute misuse of its trademark rights sufficient for the Court to enjoin Mozido's enforcement efforts against MerchantWarehouse

## COUNT I
### (Declaratory Judgment of Non-Infringement of Trademarks)

62. MerchantWarehouse incorporates by reference paragraphs 1 through 61 as if fully set forth herein.

63. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

64. An actual, present and justiciable controversy has arisen between MerchantWarehouse and Mozido concerning MerchantWarehouse's rights to use the

MerchantWarehouse GENIUS Marks in connection with the provision of retail transaction processing hardware and services to merchants.

65. Mozido has claimed that MerchantWarehouse's use of the MerchantWarehouse GENIUS Marks in connection with the provision of retail transaction processing goods and services creates a likelihood of confusion with the GENIUS WALLET Marks and Mozido has threatened to bring a trademark infringement lawsuit against MerchantWarehouse.

66. MerchantWarehouse seeks a declaratory judgment from this Court that Mozido has no valid trademark rights to assert against MerchantWarehouse and, accordingly, has no basis upon which to threaten claims of trademark infringement.

**WHEREFORE**, MerchantWarehouse requests that the Court:

1. Enter judgment declaring that Mozido has no valid rights in the GENIUS WALLET Marks and that, accordingly, MerchantWarehouse's use of the MerchantWarehouse GENIUS Marks does not infringe or otherwise constitute unfair competition;

2. Award MerchantWarehouse its costs and attorney fees; and

3. Enter such other and further relief as this Court deems proper.

Respectfully submitted,

/s/ Michael P. Mullins
Michael P. Mullins     (BBO #665123)
   mmullins@daypitney.com
Carrie Webb Olson     (BBO# 677496)
   colson@daypitney.com
Jeremy Blackowicz     (BBO #650945)
   jblackowicz@daypitney.com
**DAY PITNEY LLP**
One International Place
Boston, MA 02110
Tel.: 617-345-4776
Fax: 617-206-9497